## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

JUSTIN B. OSHER                                          :
                                                        :
                                                        :
     v.                                          :     Civil No. CCB-16-3440
                                                        :
                                                        :
PEOPLES BANK AND TRUST                                   :
COMPANY, *et al.*                                       :
                                                        :

### MEMORANDUM

     Justin B. Osher has sued Peoples Bank & Trust Company ("Peoples Bank" or "PBTC")

for failure to pay minimum wage and overtime wages pursuant to the Fair Labor Standards Act,

29 U.S.C. §§ 201 *et seq.* ("FLSA"). Now pending before the court is Peoples Bank's motion to

dismiss or stay proceedings and compel arbitration. The motion has been fully briefed, and no

oral argument is necessary. *See* Local Rule 105.6.  For the reasons explained below, the motion

will be denied.

### BACKGROUND

     PBTC is a banking institution with an office in Owings Mills, Maryland. Compl. ¶ 3.

Osher was hired to work as a loan officer in the Owings Mills location in April 2014. (Osher Aff.

¶ 1-2.)  Osher was hired by PBTC after his former employer closed its mortgage offices and

PBTC re-opened his office as its own branch. (*Id.* ¶ 1.)

     From mid-June, 2014 through June 14, 2016, Osher worked as the full-time processor of

reverse mortgages in the Owings Mills branch. (*Id* ¶ 4.) Osher alleges that he was paid on a

commission-only basis, with no hourly wage or salary, and that he received no overtime

compensation despite regularly working more than 40 hours per week. (*Id.* ¶ 3, 5.)

The employment contract between Osher and PBTC contained an arbitration clause that

states, in part:

> **Disputes Subject to Arbitration.** With the exception of claims by Employer or
> Employee for injunctive relief, Employee agrees that any dispute, controversy, claim, or
> difference between Employer and Employee which directly or indirectly relates to or
> arises out of this Agreement, or its breach, shall be subject to arbitration in the Town of
> Ryan, OK in accordance with the then governing rules of the American Arbitration
> Association. It is the intention of the parties that this Agreement shall be enforceable
> under the Federal Arbitration Act and at common law. Each party shall bear its own
> costs, expenses and fees, including without limitation, attorneys' fees and experts' fees
> with respect to any such arbitration. […]
>
> The types of disputes or controversies intended by the parties to be subject to arbitration
> shall include, but not be limited to, (i) any claim which directly or indirectly relates to or
> arises out of this Agreement, (ii) any and all torts including defamation, libel, slander,
> false light, intentional infliction of emotional distress, tortuous interference, negligence,
> assault, battery, invasion of privacy, and any other violation of a legal duty not based in
> contract which gives rise to damages of whatever nature, […]
>
> **Severability of Disputes.** Employee agrees that in the event a dispute, controversy,
> claim, or difference which is subject to arbitration is alleged or plead in connection with
> any dispute … described in this Agreement between Employer and Employee, the non-
> arbitrable dispute … shall be severable by either party and litigated in a judicial
> proceeding separate and apart from the dispute, controversy, claim, or difference subject
> to arbitration. If Employee contends that the dispute…alleged or plead is interwined with
> the dispute… subject to arbitration. [sic] Employee agrees to waive the arbitration
> requirements contained in this Agreement at Employer's request.
>
> **Attorney Fees.** If Employee brings a claim in court that should have been brought in
> arbitration pursuant to this Agreement, Employee agrees to pay Employer's attorney fees,
> costs and expenses associated with transferring the matter to arbitration, including any
> filing fees charged by the arbitration tribunal.
>
> (Employment Agreement at 3, ECF No. 15-2.)

Osher left his employment with PBTC on June 14, 2016 and filed this suit on October 13,

2016. Peoples Bank filed its motion to dismiss or stay proceedings and compel arbitration on

April 24, 2017. (ECF No. 15.) Osher filed its response in opposition on June 2, 2017. (ECF No. 20.) Peoples Bank filed its reply on June 30, 2017. (ECF No. 23.)

## ANALYSIS

The Federal Arbitration Act ("FAA") directs federal courts, "on application of one of the parties," to stay proceedings "brought ... upon any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. Thus, "where a valid arbitration agreement exists and the issues in a case fall within its purview," the court must grant a motion to compel arbitration. *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002). Arbitration clauses are "separable from the rest of the contract and […] allegations that go to the validity of the contract in general, as opposed to the arbitration clause in particular, are to be decided by the arbitrator, not the court." *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 409 (1967) (Black, J., dissenting) (internal citations and quotation marks omitted). Courts in this district have applied a summary judgment standard to the question of whether a contract to arbitrate was formed. *See, e.g., Brent v. Priority 1 Auto Grp., BMW of Rockville*, 98 F.Supp.3d 833, 834-35 (D.Md. 2015) ("[W]hen a party moves to compel arbitration and the vailidity of the purported arbitration agreement between the parties is disputed, the motion is treated as one for summary judgment.") (citing *Rose v. New Day Fin., LLC,* 816 F.Supp.2d 245, 251 (D.Md. 2011)); *Caire v. Conifer Value Based Care, LLC*, 982 F.Supp.2d 582, 589 (D.Md. 2013).

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). The court must

view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015).

"To determine whether an arbitration agreement exists, courts apply ordinary state-law principles that govern the formation of contracts." *Brent*, 98 F.Supp.3d at 835 (quoting *Galloway v. Santander Consumer USA,Inc.,* 2014 WL 4384641 at *2 (D.Md. Sept.3, 2014) and *Noohi v. Toll Bros., Inc.,* 708 F.3d at 607 (4th Cir. 2013)) (internal quotation marks omitted). "Under Maryland law as articulated in *Cheek*, an arbitration provision must be supported by consideration independent of the contract underlying it, namely, mutual obligation." *Noohi,* 708 F.3d 599 at 609 (citing *Cheek v. United Healthcare of Mid-Atlantic, Inc.,* 378 Md. 139, 835 A.2d 656 (2003)).[1] "Mutuality does not require an exactly even exchange of identical rights and obligations between parties." *Rose,* 816 F.Supp.2d at 259 (quoting *Walther v. Sovereign Bank*, 386 Md. 412, 433, 872 A.2d 735, 748) (internal quotation marks omitted). Additionally, "[u]nder Maryland law, an unconscionable contract is void. Maryland courts require […] a showing of procedural unconscionability – one party's lack of meaningful choice in making the contract – and substantive unconscionability – contract terms that unreasonably favor the more powerful party – to void the contract." *Id*. at 256 (citing *Walther*, 386 Md. 412, 426, 872 A.2d 735, 743-44 (2005)) (internal citations and quotation marks omitted). Maryland courts look to the four corners of the agreement to arbitrate to determine its validity. *Caire*, 982 F.2d at 591 (citing

---

[1] Although the employment contract contains a provision stating that it will be governed  by Okalahoma law (Employment Contract at 4, ECF No. 15-2), neither party has referred to this provision in any of their briefing on the motion to compel. Both parties have made all arguments citing to Maryland law, so the court will apply Maryland law under the implied consent of the parties.

4

*Cheek*, 835 A.2d at 664-65).

Osher argues that the arbitration clause contained in the employment agreement is nonbinding for lack of consideration and unconscionability or, alternatively, that there exists a genuine dispute of material fact as to whether the arbitration clause is valid and enforceable. The court agrees that the clause is nonbinding for lack of consideration. There also  may be a genuine dispute of material fact as to its unconscionability, but because the agreement fails for lack of mutual consideration, the court does not need to resolve that question with further factfinding.[2]

The arbitration clause at issue has no mutuality of promise. Under its own terms, only the Employee (Osher) agrees that disagreements will be submitted to arbitration. Other provisions of the clause refer to the intention of both parties as to the rules that would govern such arbirtration, the payment of costs by each side, and the types of disputes that should be submitted to arbitration. PBTC argues that the provisions referring to both parties signify that both parties are bound by the agreement. This is not the case. The fact that the parties agree how an arbitration is to be conducted and paid for does not mean that they are both required to arbitrate. Similarly, the fact that the clause contemplates disputes that could be brought by the employer is insufficient to bind the employer to raise those matters via arbitration. Only the employee actually agrees that any disputes will be arbitrated, so only Osher is bound.

The agreement could have stated "the Employee and Employer agree" or "the parties agree" to submit any dispute to arbitration, signaling the intent to bind both parties to this

---

[2] The "Severability of Disputes" section states, in part, "If Employee contends that the dispute…alleged or plead is so intertwined with the dispute…subject to arbitration. [sic] Employee agrees to waive the arbitration requirements contained in this Agreement at Employer's request." The meaning of this sloppily drafted provision is unclear. As written, it suggests that the Employer could require the Employee to waive the arbitration requirements with no such requirement for the Employer to waive them at the Employee's request. This would mean that any promise to arbitrate by the Employer, if it did exist, would be illusory. The illusory promise, combined with the possibility that the contract was a contract of adhesion, indicates that there may be, at least, a genuine dispute of material fact as to the arbitration agreement's unconscionability.

provision, as it does with other provisions in the arbitration clause. It did not. As written, the key binding provision of the arbitration agreement binds only the Employee to arbitrate, not both parties.

Further supporting the lack of mutuality, the "Attorney Fees" section only penalizes the Employee for bringing a claim in court that should have been arbitrated. If both parties were bound by the agreement, reason suggests that both parties would also be responsible for the attorney's fees of the party wrongly brought to court. The "Severability of Disputes" section is similarly worded to require only the Employee to agree to the severability of disputes and to waive the arbitration requirements at Employer's request, with no mutual agreement indicated by Employer to Employee. Neither of these facts are dispositive, as arbitration agreements are not required to be completely equal to be enforceable. *See Rose*, 816 F. Supp.2d at 259. Nonetheless, they support the court's conclusion that the arbitration agreement binds only the Employee, and thus lacks consideration and is unenforceable.

Finally, PBTC offered stipulations to make arbitration more agreeable to Osher, including holding the arbitration in Baltimore, Maryland rather than Ryan, Oklahoma and agreeing to the availability of fee-shifting provisions available to a prevailing party under the FLSA. *See* May 23, 2017 Letter, ECF No. 23-1. These offered stipulations do not change the language of the contract, which remains unenforceable for lack of consideration.

A separate order follows.


_____12/13/2017_____                        _____/s/_____
Date                                            Catherine C. Blake
                                                United States District Judge